# In the United States Court of Federal Claims

No. 05-373C
(Filed July 14, 2005)

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
                                          *
MANHATTAN CONSTRUCTION COMPANY,           *
                                          *
              Plaintiff,                  *        Consolidation;
                                          *        RCFC 42(a).
       v.                                 *
                                          *
THE UNITED STATES,                        *
                                          *
              Defendant.                  *
                                          *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

<u>Henry D. Danforth</u>, Watt, Tieder, Hoffar & Fitzgerald, LLP, 8405 Greensboro Drive, Suite 100, McLean, Virginia 22102, for Plaintiff.

<u>Leslie C. Ohta</u>, Department of Justice, Civil Division, Commercial Litigation Branch, Classification Unit, 8th Floor, 1100 L Street, NW, Washington, DC 20530, for Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR CONSOLIDATION**

---

On July 13, 2005, the Court heard argument on Defendant's motion to consolidate this action with <u>Manhattan Construction Company v. United States</u>, No. 05-376C, for all purpposes. This Order memorializes the Court's oral ruling denying this motion.

**Background**[1]

In May 2001, Manhattan Construction Company (Manhattan) entered into a contract with the United States Department of Agriculture for the construction of laboratory facilities at the Human Nutrition Research Center in Beltsville, Maryland (the Project). In July 2001, Manhattan entered into a subcontract with Caigeann Mechanical Company Inc. (Caigeann) for the installation of certain

---

[1] This background is derived from the Complaints in this action and No. 05-376C and the characterization of the CO's final decision in Plaintiff's Opposition to Motion to Consolidate. The court makes no findings of fact at this juncture and bases the instant decision on Plaintiff's allegations.

mechanical systems on the Project. In September 2001, Caigeann entered into a subcontract with TBN TRA/Thermatch (TBN) for the performance of mechanical insulation work on the Project.

On or about August 14, 2002, the Government issued a directive requiring the insulation of domestic cold water piping, which Plaintiff claims was not required by the specification in Manhattan's prime contract with the Government. TBN performed this work and, through Manhattan, submitted a request to the Government for additional compensation associated with these changes to the scope of its work. On March 17, 2004, the Contracting Officer issued a final decision denying TBN's request, arguing that the requirement of this work -- although not expressly required under the contract -- should have been patently obvious to TBN. On March 16, 2005, TBN, through Manhattan as the nominal plaintiff, brought the present action as a "pass through" claim seeking $40,988 in compensation associated with this extra work. Also on March 16, 2005, Caigeann, through Manhattan, brought independent "pass through" claims in this Court in action number 05-376C, unrelated to TBN's claim and involving different contract specifications and factual issues on the Project (the Caigeann case). Specifically, the Caigeann case involves claims totaling $63,955.00 relating to installation of heat tracing cable on hot water pipes, the use of stacked coil piping versus single coil piping on the air handling units, the requirement to install low pressure steam traps and high pressure steam traps and the manner of installing kitchen cooler and freezer condensate drain lines.

## Discussion

Under Rule 42(a) of the Rules of the United States Court of Federal Claims (RCFC), the Court may order actions involving a common question of law or fact consolidated. "In determining whether consolidation is appropriate, the [C]ourt must weigh the interest of judicial economy against the potential for delay, confusion and prejudice that may result from consolidation." Cienega Gardens v. United States, 62 Fed. Cl. 28, 31 (2004) citing Karuk Tribe of California v. United States, 27 Fed. Cl. 429, 433 (1993), citing Bank of Montreal v. Eagle Assocs., 117 F.R.D. 530, 532 (S.D.N.Y. 1987). "The [C]ourt has broad discretion to determine whether consolidation is appropriate." Cienega Gardens, 62 Fed. Cl. at 32.

Although both actions involve claims by subcontractors under the same prime contract, the factual and legal bases of the claims are different. The instant action involves one claim by TBN, a subcontractor of the mechanical subcontractor, Caigeann, regarding insulation of domestic cold water piping, while No. 05-376C involves five separate claims by Caigeann relating to different equipment and requirements, arising under different specifications. Importantly, Plaintiff is represented by different counsel and law firms in each action, which could lead to unnecessary expense in discovery and trial, as well as potential logistical difficulties. Further, the cases involve separate legal issues. The instant action involves one claim for additional work stemming from insulation of cold water piping and whether such work was a patent omission from the contract. Consolidating this case with an action involving five other claims relating to different specifications would unnecessarily expand the scope of this action, likely result in unnecessary delay and costs to the litigants here and would not foster judicial economy.

**Conclusion**

Defendant's motion to consolidate this action with No. 05-376C is **DENIED.**

    s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**